**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


PRISCILLA FISHER,                                      Case No. 1:12-cv-282

            Plaintiff,                           Barrett, J.
                                                        Bowman, M.J.
     v.

DEPARTMENT OF EDUCATION,
c/o Sallie Mae, Inc.,

            Defendant.


**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this lawsuit against the

Department of Education on April 6, 2012.[1]  On June 20, 2012, Defendant filed a motion

to dismiss for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  When Plaintiff filed

no memorandum in opposition within the 21 days allotted by S.D. Ohio Civ. R. 7.2(a)(2),

the Court issued a "show cause" order, warning that her case likely would be dismissed

based upon her lack of opposition should she fail to respond within an extended time

period.  (Doc. 7).  Plaintiff complied with the Court's order by filing a responsive

memorandum on August 7, 2012.  (Doc. 9).  Having now reviewed Defendant's motion

and Plaintiff's response, the Court concludes that this case should be dismissed based

upon the legal grounds discussed below.

## I. Background

Plaintiff's claim against the United States Department of Education arises from the

---

[1]A clerical error appears on the face of the record.  Although the Complaint was docketed as filed by "Priscilla A. Fisher," the complaint reflects that Plaintiff's middle initial is "L" and not "A."

garnishment of her Social Security check and tax refund, apparently as a result of her default of one or more educational loans.  (Doc. 3).  Plaintiff's complaint generally alleges that she was not informed of the terms of the loan(s) or of the possibility of garnishment.  (*Id*).  Plaintiff also alleges that "[t]he loan was only for two thousand dollar [sic]. They have taking [sic] four thousand two hundred forty-four dollar[s]."  (*Id*).  Plaintiff's prayer for relief asks the Court to prohibit Defendant from "taking [her] money from [her] check."  (Doc. 3 at 4).

Defendant has attached documentation to its motion to dismiss that reflects that Plaintiff was the identified borrower of two educational loans under the Federal Family Education Loan Program (FFELP).  The referenced loan program involves loans that are guaranteed by State agencies or non-profit organizations, and then reinsured by the Department of Education.  Defendant's records show that Plaintiff took out two educational loans that were guaranteed by an entity known as USA Funds.  (Doc. 5-1 at 3).  Records further reflect that Plaintiff defaulted on her FFELP loans in November 2006.  (*See* Docs. 5-1, 5-2).  In its motion to dismiss, Defendant argues: 1) Plaintiff has failed to identify any basis for federal jurisdiction; 2) the Department of Education is not the proper Defendant; and 3) even if Defendant were the proper party, Plaintiff's complaint may be barred by sovereign immunity.  (Doc. 5).  For the reasons that follow, Defendant's Motion is well-taken and should be granted.

## II.  Analysis

### A.  Plaintiff's Failure to Identify Any Basis for Jurisdiction

In order for this federal court to have subject matter jurisdiction over Plaintiff's

claims, the claims must fall within the scope of either diversity jurisdiction or federal question jurisdiction. Diversity jurisdiction permits district courts to have original jurisdiction of all civil actions where the matter in "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Federal question jurisdiction permits district courts to have original jurisdiction of all civil actions arising under the "Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Defendant argues, and the record confirms, that Plaintiff failed to indicate within the body of the complaint itself "the basis on which she is asserting subject matter jurisdiction, despite the availability of boxes, indicating the basis of jurisdiction, that could be checked within her complaint." (Doc. 5 at 3). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996).

Looking solely to the allegations of the complaint, it is clear that Plaintiff cannot invoke diversity jurisdiction, because Plaintiff fails to identify an amount in controversy that exceeds the sum or value of $75,000. Plaintiff alleges that the defaulted loan amount is approximately two thousand dollars, and her only prayer for relief is to prohibit Defendant from taking money from her Social Security check. (Doc. 3 at 4).

Lacking diversity jurisdiction, this Court will not assume jurisdiction over Plaintiff's claims absent a showing of federal question jurisdiction. Although Plaintiff did not identify the jurisdictional basis for her claim in the complaint itself, on a civil cover sheet attached to her complaint, Plaintiff did claim "federal question" as the basis for jurisdiction, and further marked boxes indicating both that her suit seeks relief for a civil rights violation

under 42 U.S.C. §1983, and that the United States is not a party.  (Doc. 1-2).  However, the latter assertion is incorrect, as the Department of Education is the sole named Defendant in this case.

Similarly, Plaintiff's suggestion that her claims fall under 42 U.S.C. §1983 cannot support federal question jurisdiction.  Under §1983, a plaintiff must show that each defendant acted under color of state law and violated the plaintiff's civil rights. *Smith v. Williams-Ash,* 520 F.3d 596, 599 (6th Cir 2008).  In this case, the lone Defendant is a federal agency, not a state agency that could have acted under color of state law as required to state a claim under §1983.

To reiterate, Plaintiff bears the burden of proving federal question jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)).  However, neither the original Complaint, the civil cover sheet, nor Plaintiff's response to Defendant's motion to dismiss identifies any other law arising out of the "Constitution, laws, or treaties of the United States" that would give this Court the power to hear her Complaint.

Construing Plaintiff's *pro se* complaint liberally, Plaintiff alleges: (1) that she has filled out forms for her student loans to be forgiven, based upon her alleged disability, but that Defendant has denied her application; (2) that Defendant did not inform her of the possibility that her social security check would be subject to garnishment upon default; (3) that Defendant sold her loans to other companies, which keep calling her for payment; and (4) that Defendant has garnished her checks, including one or more tax refunds, since

2007, collecting a sum roughly double that owed under the original loan agreement.  (Doc. 3).  Other courts have dismissed similar claims brought by *pro se* debtors against the Department of Education*.  See, e.g., Shabtai v. U.S. Department of Education*, 2003 WL 21983025 (S.D.N.Y. Aug. 20, 2003)(dismissing, for lack of jurisdiction, claim alleging improper garnishment of tax refunds by the Department of Education based upon defaulted student loan debt).  Plaintiff's failure to identify a sufficient jurisdictional basis for relief bars this Court from hearing her complaint.

Despite Plaintiff's failure to identify any plausible jurisdictional basis for her claim, this Court acknowledges that, in some circumstances, federal courts may have jurisdiction to review the Department of Education's administrative wage garnishment decision, pursuant to 5 U.S.C. §702 and/or the Federal Torts Claim Act ("FTCA").  *See generally Proctor v. Educational Credit Management Corp.*, 2010 WL 3168079 (S.D. Ohio Aug. 10, 2010).  However, on the facts alleged by Plaintiff here, jurisdiction would not lie because there is no suggestion that Plaintiff ever exhausted her administrative remedies prior to filing suit in this Court.  *See  Lowery v. U.S. Dept. of Education*, 499 F. Supp.2d 928 (N.D. Ohio 2007)(dismissing for lack of subject matter jurisdiction based upon plaintiff's failure to file claim for damages with administrative agency).

Whether Plaintiff intended to file a claim under the FTCA or some other federal statute remains unclear due to her failure to carry her burden of proving the basis for jurisdiction.  Nevertheless, it is worth noting that no jurisdiction exists over similar claims brought by borrowers against the Department of Education under federal statutes other than the FTCA.  *See, e.g., Wagstaff v. United States Dept. Of Education*, 509 F.3d 661 (5th

Cir. 2007)(dismissing suit brought by borrower against Department of Education, holding that Fair Debt Collection Practices Act did not contain waiver of sovereign immunity); *Murungi v. Texas Guaranteed*, 693 F. Supp.2d 597 (E.D. La. 2010)(dismissing suit brought against debt collector under FFELP for lack of jurisdiction).

Because Plaintiff has failed to respond to Defendant's motion with a plausible jurisdictional basis for her claim, Defendant's motion to dismiss should be granted.

### 2. Misidentified Defendant?

In addition to her failure to identify any basis for diversity or federal question jurisdiction, Plaintiff has arguably identified the wrong defendant.  When a borrower fails to repay his or her educational loan, "the lender (i.e., Sallie Mae) typically must satisfy certain due diligence collection requirements before filing a default claim with its guarantee agency" (i.e., USA Funds).  *See Murungi v. Texas Guaranteed*, 693 F. Supp.2d at 609 (citing 34 C.F.R. §§ 682.206, 682.208, 682.411).  Once Sallie Mae files a default claim, the guaranty agency (in this case, USA Funds) was required to pay the loan holder, and take assignment of the loan.  (Doc. 5 at 2).  The guaranty agency, as the Defendant's fiduciary (and not the Defendant directly), is assigned the defaulted loan and charged with collecting the balance directly from the borrower.  *See Murangi, supra*; 20 U.S.C. §§1078(c)(2)(A); 1080a(c)(4).  So long as the guarantor complies with regulatory requirements, the Defendant will reimburse the guaranty agency for a percentage of the loss.  The guaranty agency may employ any legal method of collecting the debt, including garnishment.  *Id.*

Defendant has submitted evidence that Plaintiff's loans are not currently assigned

to the Department of Education (Doc. 5-4), a fact that Plaintiff does not expressly dispute.[2]

Instead, in her responsive memorandum, Plaintiff explains that she sued the Department

of Education based upon monthly statements she receives from the "Department of the

Treasury Financial Management Service."

The statements indicate that "the agency collecting the debt" is the "U.S.

Department of Education c/o Sallie Mae."   (Doc. 9 at 2-3).  Plaintiff has attached two

monthly statements that reflect a reduction of Plaintiff's social security payments to pay "a

debt you owe;" namely, a debt to the "U.S. Department of Education, C/O Sallie Mae."

(Doc. 9-1 at 5-6).  In short, the statements imply that some type of administrative

garnishment has been pursued by Sallie Mae in the past concerning Plaintiff's social

security payments.  However, other records attached to Plaintiff's responsive memorandum

show that Plaintiff's defaulted loans have been placed with an entity called "EOS CCA" for

collection on behalf of "Sallie Mae - USA Funds," a/k/a "United Student Aid Funds, Inc."

(*See* Doc. 9-1 at 2-3, 7-8).  Thus, Plaintiff's documents identify, as guarantor of the loans,

the same entity that Defendant alleges is in charge of collecting from Plaintiff through

garnishment or other means.  Therefore, Defendant asserts that Plaintiff should have sued

USA Funds, and that it has been misidentified as a Defendant.  Defendant may be correct,

at least to the extent that Plaintiff complains that Defendant "sold" her loans to "other

companys [sic]" that keep calling her for payment.  (Doc. 3 at 3).  *See generally Bridgeport*

*Music, Inc. v. Rondor Music Int'l, Inc.*, 259 Fed. Appx. 827, 828 (6th Cir. 2008) (affirming

summary judgment where plaintiff named the wrong defendant).

---

[2]Plaintiff's response in opposition primarily argues that the loans should have been forgiven based upon hardship, including Plaintiff's poor health.

**3.  Sovereign Immunity**

Finally, Defendant contends that even if Plaintiff's complaint were true, Plaintiff's complaint may be barred on the basis of sovereign immunity.  (Doc. 5 at 3-4).  Defendant is an agency of the United States government and possesses the same sovereign immunity as the United States.  (Doc. 5 at 4).  Thus, unless expressly waived (*e.g.*, as for claims properly brought under the FTCA), Defendant is immune from any claim for monetary damages.

**III.  Conclusion and Recommendation**

For the reasons discussed, **IT IS RECOMMENDED** that the Defendant's Motion to Dismiss (Doc. 5) be **GRANTED.**  Plaintiff's complaint should be dismissed, and this case should be **CLOSED**.


*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PRISCILLA FISHER,                                          Case No. 1:12-cv-282

        Plaintiff,                                          Barrett, J.
                                               Bowman, M.J.

      v.

DEPARTMENT OF EDUCATION,
C/O Sallie Mae, Inc.,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).